U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICIA DESJARDINS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>USHEALTH ADVISORS, LLC, a Texas limited liability company; and MICHAEL SMOOT, individually,<br><br>      Defendants. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Patricia DesJardins ("Plaintiff"), by her undersigned counsel, for this class action complaint against USHealth Advisors, LLC, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, and Michael Smoot (collectively "Defendants"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq*.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1

## II.     PARTIES

2.     Plaintiff Patricia DesJardins is a citizen of Washington, residing in Cowlitz County, Washington. Plaintiff Patricia DesJardins is the account holder of a cellular telephone number that received automated, prerecorded calls from, or on behalf of, Defendants.

3.     Defendant USHealth Advisors, LLC ("USHealth") is a Texas limited liability company. Its principal place of business is 300 Burnett Street, Suite 300, Fort Worth, Texas, 76102, and is doing business in Washington and throughout the United States.

4.     Defendant Michael Smoot ("Defendant Smoot") is a citizen of Arizona, residing in Maricopa County, Arizona. Defendant Smoot directly and personally participated in, directed, and/or authorized the statutory violations alleged herein. Defendant Smoot is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## III.     JURISDICTION AND VENUE

5.     <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227. Furthermore, this Court has original jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435. While it is anticipated that neither Plaintiff nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendants.

6.     <u>Supplemental Jurisdiction</u>. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

7.     <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendants because they have submitted to Washington jurisdiction by doing business in this state, and the wrongful acts alleged in this Complaint were committed in Washington.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

8. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 47 U.S.C. § 227**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. The Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

12. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations." *Id.* (specifically recognizing "on behalf of" liability in the context of a an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. 227(b)).

13. The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

## V. THE WASHINGTON AUTOMATIC DIALING AND ANNOUNCING DEVICE STATUTE, RCW 80.36.400

14. In 1986, the Washington State Legislature enacted the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400 ("WADAD"). As defined by the statute, "[a]n automatic dialing and announcing device is a device which automatically dials telephone numbers and plays a recorded message once a connection is made." *See* RCW 80.36.400(1)(a).

15. The WADAD makes it unlawful for any person to use an automatic dialing and announcing device "for purposes of commercial solicitation" and "applies to all commercial solicitation intended to be received by telephone consumers within the state" of Washington. *See* RCW 80.36.400(2).

16. A violation of the WADAD is a violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* ("WCPA"). *See* RCW 80.36.400(3).

## VI. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Defendants

17. USHealth is a national health insurance distribution company, which "sells individual health coverage and supplementary [insurance] products . . . to America's self-employed, small business, and individual insurance market." *See* http://www.ushacareers.com/NewsReader.aspx?id=25 (last visited February 24, 2016).

18. On information and belief, Defendant Smoot is in the business of call center operations and inside sales management. *See* https://www.linkedin.com/in/michael-smoot-061a1a58 (last visited February 24, 2016).

19. USHealth contracted with Defendant Smoot to increase the volume of its customers.

20. One of Defendants' strategies for increasing the volume of potential customers involved the use of an automatic telephone dialing system ("ATDS"), automatic dialing and announcing devices ("ADAD"), and/or automated and prerecorded messages to solicit business.

INJUNCTIVE RELIEF - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

21. This strategy of using a prerecorded telemarketing campaign to solicit business was determined to be a cost-effective way to reach as many new potential customers as possible, while saving the costs of having live telemarketers contact each individual.

22. Defendants used ATDS equipment that had the capacity to store or produce telephone numbers to be called for the prerecorded telemarketing campaign.

23. At USHealth's direction, Defendant Smoot implemented a nationwide telemarketing campaign that included making thousands of calls using an identical prerecorded message with the goal of advertising USHealth's products and services.

24. USHealth is legally responsible for ensuring that Defendant Smoot's telephone solicitation activities complied with the TCPA, even if USHealth did not make the calls itself.

25. The FCC concurs that sellers such as USHealth may not avoid liability by outsourcing telemarketing because doing so "would leave consumers in many cases without an effective remedy for telemarketing intrusions." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 (2013).

26. Under the standards outlined in the FCC's Order, and by other Courts interpreting that Order, USHealth is directly liable to Plaintiff and members of the Classes as well as vicariously liable through theories of agency such as actual authority and ratification.

27. Although Defendant Smoot made the calls to Plaintiff, USHealth also participated in the calls by setting the guidelines and parameters for the telemarketing activities.

28. USHealth ratified Defendant Smoot's actions by accepting the benefits of Defendant Smoot's activities through accepting prospective customers generated by Defendant Smoot through his illegal telephone solicitation activities.

**B. Factual Allegations Regarding Plaintiff**

29. On July 20, 2015, a cellular phone registered to the Plaintiff was sent one of these pre-recorded calls.

30. The call was received on Plaintiff's phone. When the message starting playing, the recipient hung up.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

31. Plaintiff did not consent to receive the telephone call.

32. Plaintiff has never done business with Defendants.

33. Plaintiff did not provide prior express consent to receive automated and/or prerecorded calls on her cellular telephone from, or on behalf of, Defendants.

34. Defendants are responsible for making the above-described automated and/or prerecorded call.

35. Defendants have made a significant number of automated and/or prerecorded calls to persons on their cellular telephones in Washington and throughout the entire United States.

36. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

37. Defendants' use of an ADAD for purposes of commercial solicitation specifically violated the privacy of Plaintiff and Washington State Class members.

## VII.  CLASS ACTION ALLEGATIONS

38. Class Definition. Pursuant to CR 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of National Classes defined as follows:

> Cell Phone Class: All persons who, on or after four years before the filing of this action, received a call to their cellular telephone line with a pre-recorded message, made by or on behalf of Defendants.
>
> Washington State Class: All persons who received on a telephone within the State of Washington one or more pre-recorded telephone messages placed by Defendants or on Defendants behalf on or after August 27, 2009, through the date of final disposition of this action.

Excluded from Classes are Defendants, any entity in which Defendants have a controlling interest or that has a controlling interest in Defendants, and Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

39. <u>Numerosity</u>. The Classes are each so numerous that joinder of all members is impracticable. On information and belief, the Classes each have more than 1,000 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

40. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a. As to Plaintiff and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice;

b. As to Plaintiff and the Cell Phone Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an ATDS or artificial or prerecorded voice, thus entitling Plaintiff and the Cell Phone Class to treble damages;

c. As to Plaintiff and the Washington State Class, whether Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf used an ADAD, as defined by RCW 80.36.400(1)(a), for purposes of commercial solicitation;

d. As to Plaintiff and the Washington State Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated RCW 80.36.400;

e. As to Plaintiff and the Washington State Class, whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated RCW 19.86 *et seq.*;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

f. Whether Defendants are liable for ATDS generated, ADAD generated, and/or automated or prerecorded calls promoting USHealth's products and/or services made by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

g. Whether Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf should be enjoined from violating the TCPA, WADAD, and/or the WCPA in the future.

41. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

42. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions, TCPA class actions, and WADAD class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

43. <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

44. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA, the WADAD, and the WCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendants is small because the damages in an individual action for violation of the TCPA and WADAD are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

45. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

### VIII. FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

46. Plaintiff realleges and incorporate by reference each and every allegation set forth in the preceding paragraphs.

47. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

48. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class presumptively are entitled to an award of $500 in damages for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and members of the Cell Phone Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 9

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

## IX. SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Cellular Telephone Calls – Cell Phone Class)**

50. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Cell Phone Class using an ATDS and/or artificial or prerecorded voice.

52. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Cell Phone Class are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

## X. THIRD CLAIM FOR RELIEF
**(Violations of the WADAD, RCW 80.36.400 – Washington State Class)**

53. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

54. The foregoing acts and omissions of Defendants and/or their agents, affiliates and/or others acting on Defendants' behalf constitute numerous and multiple violations of the WADAD, RCW 80.36.400(2), by making calls to Plaintiff and members of the Washington State Class using an ADAD for purposes of commercial solicitation.

55. As a result of Defendants' and/or their affiliates, agents and/or others acting on Defendants' behalf's violations of the WADAD, RCW 80.36.400(2), Plaintiff and members of the Washington State Class are entitled to an award of $500 in damages for each and every call in violation of the statute, pursuant to RCW 80.36.400(3).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

56. Plaintiff and members of the Washington State Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the WADAD in the future.

### XI. FOURTH CLAIM FOR RELIEF
(Violation of the WCPA, RCW 19.86 *et seq.* – Washington State Class)

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. Pursuant to RCW 80.36.400(3), a violation of the WADAD is a violation of the WCPA. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violates the WADAD, RCW 80.36.400, which constitutes a per se violation of the Consumer Protection Act.

59. As a result of Defendants' and/or their affiliates, agents and/or other persons acting on Defendants' behalf's violations of the WADAD, RCW 80.36.400(2), Plaintiff and members of the Washington State Class have sustained damages, including $500 in statutory damages for each and every call in violation of the WADAD. The full amount of damages will be proven at trial. Plaintiff and members of the Washington State Class are entitled to recover actual damages together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

60. Under the WCPA, Plaintiff and members of the Washington State Class are also entitled to, and do seek, injunctive relief prohibiting Defendants and /or their affiliates, agents and/or others acting on Defendants' behalf from violating the WCPA in the future.

### XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of all members of the Classes, pray for judgment against Defendants as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Cell Phone Class;

C. Appointment of Plaintiff as representative of the Washington State Class;

D. Appointment of the undersigned counsel as counsel for the Classes;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

Case 3:16-cv-05152 Document 1 Filed 02/25/16 Page 12 of 12

E. A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA, WADAD, and WCPA;

F. An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

G. An award to Plaintiff and the Classes of damages, as allowed by law;

H. An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

I. Leave to amend this Complaint to conform to the evidence presented at trial; and

J. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XIII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 25th day of February, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com

By:  /s/ Jennifer Rust Murray, WSBA #36983
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com

By:  /s/ Mary B. Reiten, WSBA #33623
Mary B. Reiten, WSBA #33623
Email: mreiten@terrellmarshall.com

936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff and the Proposed Classes*


TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com