UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA DESJARDINS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>USHEALTH ADVISORS, LLC, and MICHAEL SMOOT,<br><br>   Defendants. | CASE NO. C16-5152BHS<br><br>ORDER RENOTING DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY |

This matter comes before the Court on Defendant USHealth Advisors, LLC's ("USHealth") motion to dismiss (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On February 25, 2016, Plaintiff Patricia DesJardins ("DesJardins") filed a class action complaint against Defendants USHealth and Michael Smoot ("Smoot") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"),

ORDER - 1

the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq*. Dkt. 1.

On April 11, 2016, USHealth filed a motion to dismiss based on a lack of personal jurisdiction. Dkt. 10.

On April 28, 2016, DesJardins filed an amended complaint asserting additional facts regarding personal jurisdiction. Dkt. 16 ("Comp.").

On May 16, 2016, the Clerk entered default against Smoot. Dkt. 21.

On May 31, 2016, USHealth filed another motion to dismiss based on a lack of personal jurisdiction. Dkt. 26. On June 20, 2016, DesJardins responded. Dkt. 31. On June 24, 2016, USHealth replied. Dkt. 33.

## II. FACTUAL BACKGROUND

In the complaint, DesJardins alleges that she is a resident of Washington and "is the account holder of a cellular telephone number that received automated, prerecorded calls from, or on behalf of, Defendants." Comp. ¶ 2. She also alleges that USHealth "is a Texas limited liability company . . . and is doing business in Washington and throughout the United States." *Id*., ¶ 3. DesJardins asserts that USHealth's contacts with Washington via agents, job postings, and its website are continuous and substantial. Further, DesJardins alleges that USHealth is vicariously liable for Smoot's actions of approximately one thousand robocalls directed at residents of Washington.

## III. DISCUSSION

As a threshold matter, the Court agrees with the parties that additional jurisdictional discovery is necessary. Specifically, the Court concludes that "lingering

questions" exist as to both general and specific jurisdiction. Dkt. 33 at 9. The Court, however, will provide a brief discussion of the issues.

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the district court rules on the motion based on affidavits and discovery materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800 (internal quotation marks and citations omitted). "Additionally, any evidentiary materials submitted on the motion are construed in the light most favorable to the plaintiffs and all doubts are resolved in their favor." *Ochoa*, 287 F.3d at 1187 (internal quotation marks omitted).

There are two types of personal jurisdiction: general and specific. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). DesJardins contends that the Court has both general and specific jurisdiction over USHealth. Dkt. 31 at 8.

**A.     General Jurisdiction**

A plaintiff asserting general jurisdiction must meet an exacting standard. *Schwarzenegger*, 374 F.3d at 801. "For general jurisdiction to exist, a defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218,

1223–24 (9th Cir. 2011) (internal quotation marks and citations omitted).  To determine whether general jurisdiction exists, the Court considers "all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir.1986).

In this case, DesJardins argues that USHealth has continuous and substantial contacts with Washington.  Dkt. 31 at 11.  Specifically, DesJardins asserts that (1) USHealth employs at least thirteen sales agents in Washington, (2) USHealth advertises for jobs in Washington, (3) USHealth's sales agents sell insurance underwritten by wholly owned subsidiaries Freedom Life and National Foundation Life, (4) USHealth's website markets to Washington customers, and (5) USHealth's agent made 954 robocalls to telephone numbers with Washington area codes.  Dkt. 31 at 13–16.  While the Court is inclined to rule that these allegations and/or facts do not establish general jurisdiction, there is no reason to definitively rule on this issue before additional discovery is conducted.  For example, Freedom Life and National Foundation Life are "sibling subsidiaries" with USHealth of the parent USHealth Group, Inc., and DesJardins provides no authority to impute a sibling's actions to another sibling for purposes of continuous and substantial contacts.  Therefore, the Court declines to rule on this issue on the current record.

**B.     Specific Jurisdiction**

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists:

> (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Bancroft & Masters*, 223 F.3d at 1086.  The plaintiff bears the burden of establishing the first two prongs.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).  The burden then shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be unreasonable." *Id.*

In this case, it is almost undisputed that specific jurisdiction turns on the relationship between Smoot and USHealth.  Dkt. 31 at 20–23; Dkt. 33 at 8 (DesJardins "argues solely on the basis that because Defendant Smoot's unsanctioned (and unknown) conduct *may* have benefitted [USHealth], it purposely directed the tortuous conduct to the forum.").  The current record is insufficient to definitely resolve this issue.  Therefore, the Court will allow DesJardins to conduct additional, limited discovery and declines to rule on this issue as well.

## IV. ORDER

Therefore, it is hereby **ORDERED** that USHealth's motion to dismiss (Dkt. 26) shall be **RENOTED** pending additional discovery on jurisdictional facts.  The parties shall meet and confer, and then submit a joint status report recommending a renoting date, dates for supplemental briefing, and jurisdictional discovery deadlines.  The report

1 shall be filed no later than August 26, 2016. The clerk shall remove the motion from

2 consideration, subject to renoting after the parties file the requested report.

3     Dated this 16th day of August, 2016.

                                          BENJAMIN H. SETTLE
                                          United States District Judge