|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| PATRICIA DESJARDINS, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>     v.<br><br>USHEALTH ADVISORS, LLC, and MICHAEL SMOOT,<br><br>           Defendants. | | CASE NO. C16-5152BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY |

This matter comes before the Court on Defendant USHealth Advisors, LLC's ("USHealth") motion for protective order (Dkt. 26).

On February 25, 2016, Plaintiff Patricia DesJardins ("DesJardins") filed a class action complaint against Defendants USHealth and Michael Smoot ("Smoot") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device Statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  Dkt. 1.

On May 31, 2016, USHealth filed a motion to dismiss based on a lack of personal jurisdiction.  Dkt. 26.

On August 1, 2016, USHealth filed the instant motion requesting a stay of discovery pending resolution of the jurisdictional issue.  Dkt. 35.  On August 10, 2016, DesJardins responded.  Dkt. 36.  On August 12, 2016, USHealth replied.  Dkt. 37.

1  On August 16, 2016, the Court reserved ruling on USHealth's motion to dismiss
2  and granted limited, jurisdictional related discovery. Dkt. 35.
3  The Court has broad discretionary power to control discovery. *See, e.g., Little v.*
4  *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In deciding whether to grant a stay of
5  discovery, the Court is guided by the objectives of Rule 1 to ensure the "just, speedy, and
6  inexpensive determination of every action." *See Kor Media Group, LLC v. Green*, 294
7  F.R.D. 579, 581 (D. Nev. 2013)
8  In this case, the Court concludes that a stay of non-jurisdictional discovery is
9  warranted pending determination of the personal jurisdiction issue. The Court found
10 some merit to USHealth's argument that the Court lacked personal jurisdiction and
11 allowed DesJardins an opportunity to pursue targeted discovery. In such circumstances,
12 the expense of potentially unnecessary discovery outweighs any delay caused by barring
13 discovery until the dispositive issue has been resolved. *See Tradebay, LLC v. eBay, Inc.*,
14 278 F.R.D. 597, 601 (D.Nev. 2011). Therefore, the Court **GRANTS** USHealth's motion
15 and stays discovery, other than jurisdictional discovery, until personal jurisdiction is
16 established.
17 **IT IS SO ORDERED**.
18 Dated this 13th day of September, 2016.

BENJAMIN H. SETTLE
United States District Judge